UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAVA A. GUNDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01553 JCH |
| ) | |
| ST. LOUIS CONNECTCARE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant St. Louis Connectcare's Motion to Dismiss Counts III, IV, V and VI of Plaintiff's Complaint (Doc. No. 8). The matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Wava A. Gunderson ("Gunderson" or "Plaintiff") is a resident of Granite City, Illinois. (Complaint or "Compl.", Doc. No. 1, ¶ 10). Defendant St. Louis Connectcare ("Connectcare" or "Defendant") is a Missouri corporation, and is authorized to do business in the State of Missouri. (Compl., ¶ 11). Plaintiff was formerly employed by Defendant as an adjudicator of claims from May of 2004 until July 21, 2006. (Compl., ¶15).

Plaintiff was diagnosed with cancer in January of 2006 and notified her employer. (Compl., ¶¶ 17-18). Plaintiff alleges that, in February of 2006, Defendant advised Plaintiff that she should resign her employment. (Compl., ¶ 19). Plaintiff alleges that she refused to resign her employment because she was able to perform her job duties with reasonable accommodations. (Compl., ¶¶ 20-22). Plaintiff's employment was later terminated on July 21, 2006. (Compl., ¶15).

Defendant filed the instant Motion to Dismiss on November 18, 2008. (Doc. No. 8). Count III alleges a claim for Intentional Infliction of Emotional Distress. (Compl., ¶¶ 39-42). Count IV alleges a claim for Punitive Damages. (Compl., ¶¶ 43-44). Count V alleges a claim under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §1132. (Compl., ¶¶ 45-52). Count VI alleges a claim under ERISA, 29 U.S.C. §1140. (Compl., ¶¶ 53-56).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Kaminsky v. Missouri, No. 4:07-CV-1213, 2007 U.S. Dist. LEXIS 72316, at *5-6 (E.D. Mo. Sept. 27, 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 127 S. Ct. at 1965; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I. Count III: Intentional Infliction of Emotional Distress

Defendant claims that Plaintiff has not properly pled her claim for Intentional Infliction of Emotional Distress. (Defendant's Memorandum in Support of its Motion to Dismiss Counts III, IV, V and VI of Plaintiff's Complaint ("Memorandum in Support"), Doc. No. 9, pp. 2-4). In response, Plaintiff seeks leave to amend her allegations in Count III. (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Counts III, IV, V and VI ("Memorandum in Opposition"), Doc. No. 13, p. 2). To date, Plaintiff has not filed an amended complaint. This Court grants Plaintiff up to and including April 10, 2009 to file an amended complaint.

### II. Count IV: Punitive Damages

Count IV purports to allege a separate cause of action for punitive damages in the amount of $1,000,000, plus costs of suit. (Compl., ¶¶ 43-44). Plaintiff, however, alleges, as part of her prayer for relief in Counts I and II (ADA claims), a right to punitive damages. Defendant argues that Plaintiff's claim for punitive damages is duplicative of her prayers for relief in Counts I and II. (Memorandum in Support, p. 5). In her response, however, Plaintiff does not provide any argument regarding why Count VI should not be dismissed. (Memorandum in Opposition, p. 2). This Court believes that Count IV cannot stand as an individual count and it is hereby dismissed.

### III. Count V: ERISA 29 USC §1132 (§502)

Plaintiff purports to allege a claim under 29 USC §1132 (§502) because the Defendant terminated Plaintiff to avoid paying benefits under her employee welfare benefit plan. (See Memorandum in Opposition, p. 4 (citing Compl., ¶ 49)). Subsection (a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary … to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff states that she does not allege the depravation of any particular benefit but rather she alleges she was terminated so that Defendant could avoid its obligation to continue to provide benefits in the future. (Memorandum in Opposition, p. 4).

Plaintiff's argument, however, misconstrues a §502 claim. As noted in Eichorn v. AT&T Corp., 484 F.3d 644 (3d Cir. 2007):

> [29 U.S.C. § 1132(a)(1)(B)] provides remedies only against a defendant who has failed to comply with the terms of a benefits plan. It allows plaintiffs to collect benefits "due under the terms of the plan" or to enforce "rights under the terms of the plan." Here, the plaintiffs have alleged that the defendants interfered with their ability to become eligible for further benefits, not that the defendants have breached the terms of the plan itself. We therefore agree with the District Court that subsection (a)(1)(B) does not provide relief for the violation of ERISA that the plaintiffs have alleged[.]

Id., at 653. Plaintiff's claim, as pleaded and explained in her Memorandum in Opposition, is properly alleged only as a claim under §510.

The Court holds that Count V, as presently alleged, fails to state a claim under subsection (a)(1)(B).[1] Subsection (a)(1)(B) "provides a cause of action only where a plaintiff alleges a violation of the terms of a benefits plan or an ambiguity in the plan requiring judicial interpretation." Eichorn, 484 F.3d at 652. For a §502 claim, the party must identify the specific provisions of the plan itself that were breached. Instead, Plaintiff admits that she has brought a claim because "Defendant discharged the Plaintiff for the purpose of depriving her of continued participation in the employee benefit plan." (Memorandum in Opposition, p. 4). Plaintiff also does not specific any particular benefits that were purportedly denied. See Memorandum in Opposition, p. 4 ("Count V does not,

---

[1] Defendant argues that Plaintiff's claim under 29 USC §1132 fails because she has not exhausted her administrative remedies. As this Court has dismissed Count V on other grounds, the Court need not address whether Plaintiff properly exhausted her administrative remedies under 29 USC §1132.

as Defendant contends, seek damages for the wrongful denial of requested benefits."). Likewise, Plaintiff does not allege that she qualified for any particular benefits provided under the plan. See Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1134 (7th Cir. 1992). Under these circumstances, Plaintiff does not state a claim under §502.

Thus, while Plaintiff may state a claim under §510 because she was terminated for the purpose of precluding her from obtaining her benefits under an employee benefit plan, such allegation does not state a claim under §502. See Folz v. Marriott Corp., 594 F. Supp. 1007, 1014 (W.D. Mo. 1984) ("The allegation that an employee was discharged from his employment for the purpose of depriving him of continued participation in the employer's company-provided insurance program states a cognizable claim under § 510 of ERISA.") (citing Kross v. Western Electric Co., Inc., 701 F.2d 1238, 1243 (7th Cir. 1983)). Plaintiff's §502 claim is hereby dismissed.

**IV.     Count VI: ERISA 29 USC §1140** (§510)

"ERISA is a comprehensive federal statute that governs the rights and responsibilities of parties in relation to employee pension, welfare, and benefit plans. Under the terms of the statute, an employer is not permitted to discipline or discharge a person for the purpose of interfering with the attainment of any right or benefit to which the person may become entitled." Madera v. Marsh USA, Inc., 426 F.3d 56, 61 (1st Cir. 2005) (citing 29 U.S.C. § 1140 (2000)). "'Section 510 recognizes wrongful discharge claims for 'retaliation' for exercise of ERISA plan rights, and 'interference' with future ERISA plan benefits." McKnight v. Brentwood Dental Group, Inc., No. 8:04CV642, 2006 U.S. Dist. LEXIS 89464, at *13 (D. Neb. Dec. 7, 2006) (citing Kinkead v. Southwestern Bell Tel. Co., 49 F.3d 454, 456-57 (8th Cir. 1995)); Keim v. Wash. Univ., No. 4:07CV533, 2007 U.S. Dist. LEXIS 33430, at *3-4 (E.D. Mo. May 7, 2007) (§ 510 of ERISA provides for a prohibition on interference with ERISA rights, and retaliation for the exercise of ERISA rights). To establish a

prima facie case under ERISA § 510, a participant must demonstrate (1) prohibited conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the participant may become entitled. Halbach v. Great-West Life & Annuity Ins. Co., No. 4:05CV02399, 2006 U.S. Dist. LEXIS 36816, at *18-19 (E.D. Mo. June 6, 2006) (citations omitted). To establish a prima facie case of deliberate interference with prospective benefits under § 510, a claimant must demonstrate a causal connection between the likelihood of future benefits and an adverse employment action. Id.; Kinkead, 49 F.3d at 456 ("to establish a prima facie case of deliberate interference with prospective benefits under § 510, a claimant must demonstrate a causal connection between the likelihood of future benefits and an adverse employment action"); Koons v. Aventis Pharms., Inc., 367 F.3d 768, 777 (8th Cir. 2004) (to succeed on an interference claim, a plaintiff must prove that defendant terminated plaintiff's employment with the "specific intent" to interfere with the plaintiff's benefits). "To establish a prima facie case of retaliation under § 510 of ERISA, a claimant must demonstrate the existence of a causal connection between participation in a statutorily protected activity and an adverse employment action." Kinkead, 49 F.3d at 456.

Here, Plaintiff has alleged that she was terminated to prevent her from attaining her welfare plan benefits. In her Memorandum in Opposition, Plaintiff purports to state a claim under both the exercise clause and the interference clause of § 510. (Memorandum in Opposition, p. 9).[2] Plaintiff alleges that she was a "participant and/or beneficiary under the terms of the employee benefit plan provided by Defendant." (Compl., ¶ 47). Plaintiff alleges that "Defendant violated ERISA by discharging and/or discriminating against Plaintiff for exercising her rights under the employee benefit

---

[2] In her Complaint, however, Plaintiff labeled her § 510 claim as a claim for "interference with rights". (Complaint, p. 10).

plan." (Id., ¶ 48). Plaintiff also alleges that "Defendant discharged Plaintiff for the purpose of depriving her of continued participation in the employee benefit plan." (Id., ¶ 49).

This Court believes that Plaintiff has properly pled all of the elements for a claim under § 510. Plaintiff has identified that she sought benefits under an employee welfare plan. See Memorandum in Opposition, p. 5 (citing Compl., ¶¶ 46-47). Plaintiff has also alleged a proper "causal connection" in that her employment was terminated for the purpose of depriving her of continued participation in Defendant's employee benefit plan.

In its Motion to Dismiss, Defendant claims that Count VI should be dismissed because Plaintiff failed to exhaust her administrative remedies. Generally, before a plaintiff asserts an ERISA claim, however, he first must exhaust his administrative remedies. Madera, 426 F.3d at 61 (citing Terry v. Bayer Corp., 145 F.3d 28, 40 (1st Cir. 1998)). As the parties note, the Eighth Circuit has yet to rule on whether exhaustion of administrative remedies is required for § 510 claims. See Nelson v. Wachovia Sec., LLC, No. 07-3162, 2008 U.S. Dist. LEXIS 22314, at *11 (D. Minn. Mar. 19, 2008) ("It is unsettled within the Eighth Circuit, however, whether a plaintiff alleging a § 510 violation must exhaust his administrative remedies."). Some circuits have held that administrative exhaustion not required when plaintiff alleged termination in violation of ERISA § 510. Burds v. Union Pac. Corp., 223 F.3d 814, 817 (8th Cir. 2000) (citing cases); Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1204-05 (10th Cir. 1990) (holding that exhaustion is not required for ERISA § 510 claim); Zipf v. American Tel. & Tel Co., 799 F.2d 889, 891-892 (3d Cir. 1986) ("There is no suggestion that Congress meant for these internal remedial procedures to embrace Section 510 claims based on violations of ERISA's substantive guarantees."); see also Lindemann v. Mobil Oil Corp., 79 F.3d 647, 649-50 (7th Cir. 1996) (holding that district court has discretion to require exhaustion for ERISA § 510 claim).

In the Eighth Circuit, "while a court 'does not abuse its discretion in requiring plaintiffs to exhaust their administrative remedies' in cases where resolution of the § 510 matter turns on an interpretation of the ERISA benefits plan at issue, § 510 does not mandate exhaustion." Nelson v. Wachovia Sec., LLC, No. 07-3162, 2008 U.S. Dist. LEXIS 22314, at *11 (D. Minn. Mar. 19, 2008) (quoting Burds v. Union Pac. Co., 223 F.3d 814, 817 (8th Cir. 2000)). Here, Plaintiff's § 510 claim does not require an analysis or interpretation of the benefit plan at issue. Rather, as pleaded, this case focuses only on whether Defendant terminated Plaintiff with the specific intent to interfere with Plaintiff obtaining ERISA benefits under the employee welfare plan. This Court exercises its discretion not to require Plaintiff to exhaust her administrative remedies prior to bringing her § 510 claim. Burds, 223 F.3d at 817.[3] Accordingly, at this stage of the case, Plaintiff has adequately stated a claim under § 510.

## V. Punitive Damages Under ERISA

Plaintiff seeks in her prayer for relief in both Count V and VI (her ERISA claims) for punitive damages. In her Memorandum in Opposition, Plaintiff argues that punitive damages are available under ERISA as part of the Court's "broad equitable powers." (Memorandum in Opposition, pp. 9-10). "Only equitable relief, as opposed to damages, is available under ERISA, ... and punitive damages are not, by any stretch of the imagination, equitable relief." Howe v. Varity Corp., 36 F.3d

---

[3] If the exhaustion of administrative resources would be futile, however, then exhaustion is not required. Madera, 426 F.3d at 62; Drinkwater v. Metropolitan Life Ins. Co., 846 F.2d 821, 826 (1st Cir. 1988). Whether to excuse exhaustion on futility grounds rests upon weighing several factors, including: (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile." Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 250 (3d Cir. 2002). Because the Court exercises its discretion not to require exhaustion of Plaintiff's § 510 claim, it need not determine whether it would have been futile for Plaintiff to exhaust her administrative remedies.

746, 752 (8th Cir. 1994) (internal citation omitted); Haynes v. BIS Frucon Eng'g, Inc., No. 4:08-CV-701, 2008 U.S. Dist. LEXIS 80762, at *3-4 (E.D. Mo. Oct. 10, 2008) ("it is well established that ERISA does not authorize extracontractual, compensatory, or punitive monetary damages"). Accordingly, Plaintiff's request for punitive damages in Counts V and VI are stricken.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff is are granted until **Friday, April 10, 2009**, within which to file an Amended Complaint, curing the above-described deficiencies.

Dated this 26th day of March, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE